Voorhis agt. French.

---

## N. Y. SUPERIOR COURT.

JOHN R. VOORHIS, appellant, agt. STEPHEN B. FRENCH and another, respondents.

*Extra allowance — Appeal — Order allowing, though granted by default, is appealable. — Code of Civil Procedure, section 3253.*

In an action to restrain the recognition of a claim to an office, the defendants, upon plaintiff's default, on the case being called for trial, on notice, was granted an extra allowance:

*Held,* that the action was not one in which, under the Code, the court had power to grant an allowance; and that though the general notice of trial is sufficient notice for an application for an allowance upon a trial in cases where the law provides for an allowance, this being no case for an allowance, the order, though granted by default, is appealable.

*General Term, June,* 1881.

*Before* SEDGWICK, *C. J., and* FREEDMAN, *J.*

APPEAL from such part of an order dismissing complaint as granted to defendant an extra allowance.

*Chauncey S. Truax*, for appellant.

*Willard Bartlett* and *Elihu Root*, for respondents.

SEDGWICK, *Ch. J.* — The action was brought to restrain the defendants, as police commissioners, from entertaining, receiving evidence upon, determining or adjudicating any claim or title to the office of commissioner of police, which might be made by the defendant Smith to the possession or enjoyment of said office in the place or stead of the plaintiff, who claimed to be rightfully entitled to the office, until there had been a competent adjudication as to the title of the office. The defendants gave notice of trial. The notice did not refer to any intended application for an allowance. After this notice plaintiff made default on the cause being regularly called, and his default was entered. In the order of default an extra allowance was granted.

The provision as to allowance under the Code of Civil Procedure is the same as under the former Code. By section 3253, in a difficult and extraordinary case, the court may award not exceeding five per centum upon the sum recovered or claimed, or "the value of the subject-matter involved." This does not comprise the present case. The subject-matter of the action could not have such a value of it estimated as to permit a calculation of per centage. The court had not power in such a case to grant an allowance.

It is claimed that, as the order was granted by default, it is not appealable, and it has been uniformly held that where a judgment has been given or an order made on default, after notice, there can be no appeal. The cases in which this has been held, put it always upon the ground that the party has had notice of the thing to be claimed against him, and that it is right to uphold what he has not appeared to oppose. This

principle will not apply to a case where no notice has been been given. It is the practice to apply for an allowance upon a trial of a cause without special notice. The general notice of trial is sufficient in cases where the law and practice provide for an allowance. It cannot be deemed, however, that such a notice can be implied in the notice of trial when it is not a case for an allowance, in the sense that the court has no power to grant one.

This conclusion is supported by the decision of the general term of the supreme court in *Wilkinson* agt. *Tiffany* (4 *Abb. Pr. R.*, 99), that when the special term makes upon default an order which it had no authority to make, the party prejudiced may move, at special term, to set aside the order for irregularity, or may appeal from the order to the general term. The excess of authority in that case was that the special term had given a per centage of an amount claimed by the plaintiff, when in fact he had recovered much less than he claimed.

That part of the order which is appealed from should be reversed, with ten dollars costs and disbursements, to be taxed.